

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 17, 1958

Honorable James A. Turman
Executive Director
Texas Youth Council
213 West 14th Street
Austin, Texas

Opinion No. WW-342

Re: Does the word "site" used
in the first sentence of
Section 3 of Senate Bill
No. 478, Acts of the 55th
Legislature, Regular Ses-
sion, 1957, Chapter 389,
page 1164, mean land,
buildings and such equip-
ment as is permanently
installed as a part of the
present facilities, and re-
lated questions.

Dear Dr. Turman:

You have requested an opinion of this office con-
cerning several questions which have arisen in connection
with the implementation of the provisions of Section 3 of
Senate Bill No. 478, Acts of the 55th Legislature, Regular
Session, 1957, Chapter 389, page 1164. Your questions are
as follows:

"1. Does the word site, used in S. B. No. 478,
Section 3, Sentence 1, mean land, buildings,
and such equipment as is permanently installed
as a part of the present facilities?

"2. If your answer to the above question is in the
affirmative, does the definition of the word
site also include equipment and furnishings
that are not a permanent part of the buildings
such as beds and bedding, linens, television
sets, small tools and equipment, books, and
equipment used in vocational and academic
training of blind and deaf children?

"3. Since the tract of land furnished the Texas
Youth Council by the Hospital Board 'is in
exchange for the present facilities at the
Blind, Deaf and Orphan School,' (W.W. 302),
what factors should be considered in deter-
mining an equitable exchange by the inter-
agency agreement provided for in S. B. No. 478?

"4. In order to avoid an impasse on sites acceptable to both the Hospital Board and the Texas Youth Council, what criteria should be used by the Hospital Board in selecting a site for the Blind, Deaf and Orphan School in exchange for the present site and what criteria should the Council use in accepting sites proposed by the Hospital Board so as to comply with spirit and intent of S. B. 478?"

We shall answer these questions in the order in which they were presented.

Section 3, Senate Bill 478, Acts of the 55th Legislature, Regular Session, 1957, Chapter 389, page 1164, reads in part as follows:

"Sec. 3. The Texas Youth Council is authorized to enter into an inter-agency contract with the Board for State Hospitals and Special Schools for the purpose of transferring the present site of the Blind, Deaf and Orphans School to the Board for Texas State Hospitals and Special Schools for use by the Hospital Board as it so needs. The Texas Youth Council is further authorized to accept by an inter-agency contract suitable land now owned or acquired by the Hospital Board for the purpose of constructing a new Blind, Deaf and Orphans School. Should the State Hospital Board not have a suitable tract of land for such purposes, then in such event the State Hospital Board shall purchase a suitable tract of land in or near Austin, Texas, to be approved by the Texas Youth Council in exchange for the present facilities at the Blind, Deaf and Orphans School. . . ."

It is our opinion that the word "site" as used in the first sentence of the above section means the land, buildings and such equipment as is permanently installed as a part of the present facilities. We, therefore, answer your first question in the affirmative.

It is also our opinion that the word "site' as used in the first sentence of Section 3 of Senate Bill No. 478, quoted above, does not include equipment and furnishings that are not a permanent part of the buildings, such as beds and bedding, linens, television sets, small tools and equipment, books and equipment used in vocational and academic training of blind and deaf children. It is our opinion that all such items are properly to be considered as personalty and

are not fixtures so as to pass with a conveyance of the soil. 19 Tex. Jur. 705, Section 2. Therefore, we believe that these items are in no way affected by the provisions of Section 3 of Senate Bill No. 478, and we must answer your second question in the negative.

Your third and fourth questions deal with the factors and criteria to be considered in determining an exchange of the property involved in Section 3 of Senate Bill No. 478. This Section, as set forth above, provides that the Texas Youth Council is authorized to accept suitable land now owned or acquired by the State Hospital Board for the purpose of constructing the new Blind, Deaf and Orphans School. The section further provides that should a suitable tract not be available, then the Hospital Board shall purchase a suitable tract to be approved by the Texas Youth Council. In as much as this section indicates that the suitability of the tract is to be a prime consideration, we believe that any factor which in the opinion of the Texas Youth Council would tend to make the tract suitable or, conversely, any factor which would tend to make the tract unsuitable should be considered by the Youth Council in approving the tract. Included in this category would certainly be such factors as the location, size and terrain of the land involved, and any other factor which would tend to affect the ultimate operation of a Blind, Deaf and Orphans School by the Council.

## SUMMARY

The word "site" as used in the first sentence of Section 3 of Senate Bill No. 478, Acts of the 55th Legislature, Regular Session, 1957, Chapter 389, page 1164, includes the land, buildings and such equipment as is permanently installed as a part of the present facilities, but does not include such equipment and furnishings as are not a permanent part of the buildings. In determining what constitutes an equitable exchange under the provisions of Section 3 of Senate Bill No. 478, Acts of the 55th Legislature, Regular Session, 1957, Chapter 389, page 1164, the Texas Youth Council should consider any factor which would tend to make the proposed site

Honorable James A  Turman, Page 4 (WW-342).

                    suitable for the construction of the new
                    Blind, Deaf and Orphans School.

                              Yours very truly,

                              WILL WILSON
                              Attorney General of Texas

                         By  *Wayland C. Rivers Jr.*
                              Wayland C. Rivers, Jr.
                              Assistant

WCR:mg

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Morgan Nesbitt

Milton Richardson

B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
     W. V. Geppert